```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DAVID ROSINIA AND MARY ROSINIA              CIVIL ACTION

VERSUS                                      NO: 06-6315

LEXINGTON INSURANCE COMPANY,                SECTION: "J" (3)
CENTRAL CLAIMS SERVICE, INC.,
AND INTEGRITY ADJUSTERS, LLC
```

**ORDER AND REASONS**

Before the Court is defendant Integrity Adjusters' Motion to Dismiss. (Doc. 5.)  The motion is opposed. (Doc. 7.)  For the following reasons that Court finds that the motion should be GRANTED.

**BACKGROUND**

Plaintiffs' home was damaged during Hurricane Katrina.  They had an insurance policy with Lexington Insurance Company, and they made claims under the policy for the damage.  Lexington Insurance retained Central Claims Service to adjust the Plaintiffs' claims. Central Claims Service assigned the claim to Integrity Adjusters to perform the evaluation of Plaintiffs' loss. Plaintiffs allege that the employee sent by Integrity Adjusters negligently adjusted their claim by misappropriating

the documentation of their loss and then "disappearing" without making a report to Integrity Adjusters.

Plaintiffs filed suit in Civil District Court for the Parish of Orleans seeking damages for the negligent handling of their claim by Central Claims Service and Integrity Adjusters. Lexington Insurance removed the case to this Court based upon diversity jurisdiction. Lexington Insurance alleges that diversity jurisdiction exists despite the fact that Central Claims is a Louisiana entity because both Central Claims and Integrity Adjusters were improperly joined as defendants.

## LEGAL STANDARD

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). A Rule 12(b)(6) motion should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

Integrity Adjusters argues that under Louisiana law third parties who assist insurers in the adjudication of claims owe no

duty to an insured who submits a claim and so cannot be liable to the insured in tort.  Plaintiffs counter that a direct cause of action against an adjuster exists under Louisiana law. Plaintiffs cite *Peoples Bank and Trust Company v. Insured Lloyd's of New York*, 537 So. 2d 1307 (La.App. 3d Cir. 1989) and *Pellerin v. Cashway Pharmacy of Franklin*, 396 So. 2d 371 (La.App. 1st Cir. 1981).

Although the Appeals Court in *Peoples Bank* speaks of an adjuster's obligations to the insured, the liability for the adjuster's negligence in the case is placed on the insurer. Therefore the case does not support Plaintiffs' argument.  In *Pellerin* the Appeals Court indicates that, although there is normally no duty owed by an insurance company's adjuster to the insured to inform the insured of prescription problems, circumstances might exist whereby an adjuster undertakes such a duty toward the insured.  The case does not establish a claim for "negligent adjustment."

Under Louisiana law, an insured has remedies against an insurer (1) for arbitrarily failing to pay the claims of the insured thirty days after the receipt of satisfactory proof of loss and (2) for failing to abide by its duty of good faith and fair dealing or its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with

3

the insured. LA. REV. STAT. ANN. §§ 22:658 and 22:1220 (West 2006). Neither of these statutes provide a remedy against an insurance adjustor. *Nero v. La. Indep. Ins. Agencies, Inc.,* 2003 WL 203146, *2 (E.D.La. 2003); *Yates v. Southwestern Life Ins. Co.,* 1998 WL 61033, *4 (E.D.La 1998).

Furthermore, Plaintiffs cannot establish a cause of action against the insurance adjustor in tort. The duty to properly handle insurance claims is imposed by Louisiana Revised Statute § 22:1220, not by Louisiana Civil Code Article 2315,[1] and nothing in the statute suggests that the Louisiana Legislature intended that the duties imposed on insurers be relegable to adjustors. *See Motin v. Travelers Insurance Company, et al,* 2003 WL 22533673, *4 (E.D.La. 2003) (J. Berrigan). In *Motin*, this Court held that an insurance adjustor does not owe an independent tort duty to the insured. *Id.* Specifically, the Court found that the plaintiff's allegations that the defendants intentionally acted in bad faith in adjusting their claims did not support a cause of action sounding in tort.

In the case at bar, Plaintiffs allege that the insurance adjustor committed negligent acts which harmed them. They claim

---

[1] Louisiana Civil Code article 2315 provides in pertinent part that:
 A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

4

that the insurance adjustor failed to act in a timely manner and, by absconding with their documentation, forced Plaintiffs to prove their claim twice.  As stated above, an insurance adjustor has no independent tort duty to the insured.  Thus, Plaintiffs fail to state a cause of action against Integrity Adjusters.[2] Any liability for the actions of the insurance company's adjustor must be borne by the insurance company, which has statutory and contractual duties to Plaintiffs.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Integrity Adjusters' Motion to Dismiss. (Doc. 5) is **GRANTED.**

New Orleans, Louisiana this the 31st day of October, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] Other Eastern District of Louisiana decisions support this conclusion: *Nero v. La. Independent Ins. Agencies*, 2003 WL 203145 (E.D.La. 2003); *M&M Towing Co., Inc. v. United Capitol Ins. Co.,* 1998 WL 169694 (E.D.La. 1998); *Rich v. Bud's Boat Rentals*, 1997 WL 785668 (E.D.La. 1997); *S. Hotels Ltd. P'ship v. Transamerica Ins. Group Premier Ins. Co.,* 923 F.Supp. 882, 888 (E.D.La. 1996).